OWEN A. ROARKE *vs.* PEOPLE'S STORAGE WAREHOUSE COMPANY.

JUNE 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence arising from defendant's failure to properly keep

and return to plaintiff certain household furniture packed, conveyed and stored by defendant for the plaintiff. The justice of the Superior Court presiding at the trial of said case granted defendant's motion for a nonsuit and the case is before us on plaintiff's exception to the granting of the same.

The plaintiff, who had resided in Providence, decided to make a change in his business connections and ultimately a change of residence, so, while in Rochester, N. Y., he directed his wife, who had remained in Providence, to put their furniture in storage. She made some inquiries and read defendant's advertisement in a Providence paper as follows:

"SANITARY, SUN DRY STORAGE

for household effects, iron compartments, free from moths, moisture and vermin. Free insurance upon application. Fairness, courtesy, good service. Connected by rail. Near steamship lines. Packing, crating and shipping. People's Storage Warehouse Co., Rhodes street and Allen's avenue, Providence. Eddy street cars every 10 minutes. Tel. Union 1382."

Afterwards, upon her request, a representative of defendant called upon her and confirmed the statements and assurances contained in the advertisement. Defendant furnished a packer and teamster and plaintiff's furniture was, by them, packed and taken to defendant's storehouse. The bill for same was paid to defendant. The next day a paper, purporting to be a lease of certain premises in defendant's storehouse, was delivered to plaintiff's wife who, shortly thereafterwards, signed and returned it to defendant's agents. So much of said lease as has any direct bearing on the matter in issue is as follows: "That said People's Storage Warehouse Company does hereby demise and let, and said party of the second part hires apartment No. 198 (piano in room) in storage warehouse situated on the corner of Allen's Avenue and Rhodes Street, in said City of Providence, by the month, February 29, 1924, from and

after the date hereof, at a rate of $4.00 (Four Dollars) per month, payable in advance on the first business day of each month (29th of each month) during the continuance of this lease, upon the following conditions:

"Said premises to be occupied by said party of the second part for the storage of furniture and household goods, and for no other use or purpose, subject to such regulations as the said People's Storage Warehouse Company may make from time to time respecting said premises and the use thereof.

"This lease not to be assigned nor said premises underlet without the written permission of said People's Storage Warehouse Company.

"And the said People's Storage Warehouse Company, or the proprietor or proprietors thereof, shall have the right at all times to enter said premises to view the same and make repairs, and to ascertain whether the provisions of this lease have been or are being complied with.

"The rent aforesaid to be paid within fifteen days after due, whether demanded or not; and all the goods and chattels put into said premises to be pledged and holden for the payment of said rent and for the performance of the terms and conditions of this lease and shall not be removed until the terms and conditions of this lease shall have been fully complied with and said rent paid.

"And for non-payment of said rent within the time above specified or for breach of any of the above conditions, the said People's Storage Warehouse Company, or the proprietor or proprietors thereof, may at their option and without previous notice determine this lease and enter and repossess said premises as of their former estate . . . ..

"And said party of the second part in consideration hereof does hereby agree to pay said People's Storage Warehouse Company said rent for the use of said premises when and as the same shall become due, and to occupy said premises for no other purpose than aforesaid, and to abide

by and comply with all the terms and conditions herein contained.

"Said party of the second part does hereby give and grant unto said People's Storage Warehouse Company full power and authority in case said rent shall not be paid when due, or breach shall be made of any of the foregoing conditions, and such default or breach shall continue for thirty days, to enter said premises and take possession of all the goods and chattels of said tenant therein, and to sell the same at public auction or private sale on said premises or elsewhere, with or without previous notice, and to receive the amount said property may be sold for, and after payment of all the expenses incident to such sale to apply and appropriate the residue thereof to the payment of the rent for said premises then due, and in discharge of any other claims which said People's Storage Warehouse Company may have against said party of the second part under the terms of this lease, and to account with said last named party for the balance thereof.

"It is mutually understood and agreed by and between said parties that said People's Storage Warehouse Company does not accept said furniture, goods or property for storage, and is not liable in any manner for the safe keeping or condition of the same, nor responsible therefor as a warehouseman, but that the only relation between them is simply that of landlord and tenant.

"The agreement shall apply to and be binding upon the parties hereto and their respective legal representatives.

"In testimony whereof said parties have hereunto set their hands this 29th day of February in the year 1924.

(Signed)   MRS. OWEN A. ROARKE.

Witness:   MARY A. DORSEY.                P. S. W. Co."

Two facts arising from the circumstances of the case may be considered in determining the rights of the parties under said lease. The amended declaration declares upon the lease hereinbefore set out; this being so, plaintiff adopts the contractual relation existing between the parties as the

basis of his rights against defendant and therefore cannot, under the present pleadings, disregard that portion of the contract wherein the parties agree "that said People's Storage Warehouse Company does not accept said furniture, goods or property for storage and is not liable in any manner for the safe keeping or condition of same, nor responsible therefor as a warehouseman, but that the only relation between them is simply that of landlord and tenant." In view of the advertisement and statements of the representative of defendant and its method of conducting its business there is grave doubt as to the validity of the "lease" agreement limiting defendant's liability for damages to property as being in conflict with Sec. 14, Chap. 313, G. L. 1923. It is obvious that neither this question nor the question of fraud by conduct can be raised under the present pleadings in which the lease agreement above referred to is set out as the basis of the plaintiff's right of action.

As to the property missing, another rule under the circumstances should apply from the evidence of plaintiff's wife, who entered into the contract. The shipment of the furniture to defendant's warehouse was by an expressman who rendered his bill to defendant, and she thought that, from the time the goods were packed in her house and taken to the warehouse of defendant and stored therein, the actual custody of the same was in defendant whose representatives alone had the keys and access to the storage compartment of plaintiff, and, if defendant had this custody and control and the goods were lost while in its custody and control, some explanation of such loss was due from defendant. The plaintiff's wife testified that she gave to the packer and expressman all of the furniture. It was transported to the warehouse and the expressman, hired by plaintiff to take the furniture to his home in Arlington, Mass., took all that was given to him at defendant's warehouse and transported it safely and in its entirety to the Massachusetts home of plaintiff.

For such furniture as was lost under all the circumstances of the case, the plaintiff was entitled to have the jury pass upon whether defendant's negligence resulted in the loss of such property. While the words "that the only relation between them is simply that of landlord and tenant," the conduct of the parties in relation thereto shows the landlord to have been in actual possession of the leased premises and he is thereby required to explain the reason for his failure to return to the owner the property located in such premises.

As the contract declared upon is by its terms not one of bailment but of landlord and tenant, plaintiff's authorities in regard to the duties of bailee do not apply. A landlord having the custody of the leased premises and all property therein is required to use due care that property left on the premises shall remain there until required by tenant, and as there is testimony that a portion of a bed was not delivered to plaintiff and a barrel of kitchen utensils and certain other property delivered to storehouse of defendant are missing, the defendant is required to show that they were not lost through his negligence even though the lease by its terms absolves him from liability therefor. *Bryant* v. *Auchmuty*, 129 N. Y. Sup. 471; *Samuel* v. *Princeton Const. Co.*, 157 N. Y. Sup. 135.

In *Peers* v. *Sampson*, 4 Dow. & Ry. Rep., page 640, the court says "the key of that room was constantly kept by the plaintiff. . . . The defendant, therefore, had no control over the goods; he could not enter the room where they lay for the purpose of seeing whether they were safe, for he had no right by law and no power, in fact, so to do." The decision in this case turned upon the fact that the tenant's possession of the key to the leased premises was the reason of the court's refusal to grant relief. In the instant case the landlord alone had the key.

While under the pleadings, the action of the trial court, in refusing to submit the case to the jury on the question of injury and damage to the property which was placed in

the leased premises was in accordance with the law as applied to the lease in question, by virtue of the relation of landlord and tenant, as plaintiff has shown a loss of some of his property which was delivered to the defendant and placed in its premises, the key to which was in the custody of the defendant, plaintiff has made out in relation to such property a *prima facie* case which called for an explanation from the defendant, and, thereby raised issues of fact which should have been submitted to the jury. The granting of the nonsuit under the circumstances was erroneous.

Plaintiff's exception is sustained and case is remitted to the Superior Court for a new trial.

*Stephen J. Casey*, for plaintiff.
*Henshaw, Lindemuth & Baker*, for defendant.